

May 27, 2026

The Honorable Jennifer L. Rochon
United States District Judge
500 Pearl Street
New York, NY 10007

Re:    *Napoli v. Meta Platforms, Inc.*, No. 1:25-cv-02872-JLR

Dear Judge Rochon,

We represent Plaintiff James Napoli in the above-referenced matter together with co-counsel at CA Goldberg Law. We write to request a two-month extension of time to complete discovery. Defendant consents to Plaintiff's request.

Plaintiff has produced non-ESI discovery and ESI discovery, totaling 6,345 pages. On May 27, 2026, Defendant sent Plaintiff a deficiency letter outlining various deficiencies related to Plaintiff's production and seeking clarification on certain responses to document requests and interrogatories. Defendant has produced non-ESI discovery and all ESI related to communications between Plaintiff and his alleged harasser and stalker—identified in the complaint as G.F.—from when they both worked for Meta. These productions totaled 2,278 pages. Defendant has reviewed thousands of documents that resulted from the search of 18 employee or ex-employee custodians (for whom the parties agreed to search based on agreed-upon search terms), which took several weeks, and Defendant anticipates producing ESI for 18 employee or ex-employee custodians for a two-and-a-half-year period by the end of the May. That production is likely to span thousands of pages of documents. Plaintiff's counsel will then need to review those voluminous materials and depose all relevant fact witnesses and take a Rule 30(b)(6) deposition of designated corporate witness.

Plaintiff trusts that Defendant has been working diligently and in good faith to provide Plaintiff with the requested discovery. It is necessary, however, for Plaintiff to receive Defendant's ESI regarding relevant witnesses before taking their depositions, and Plaintiff believes it would be prejudicial for Plaintiff to only have until July 27, 2026 to review thousands of pages of documents and to take up to ten depositions when he will first receive that ESI at the end of May.[1] This is

---

[1] It is difficult for Plaintiff to even ascertain how many depositions he will need without the production of Defendant's ESI because there is no way for Plaintiff to distinguish the difference between many potential witnesses in similar roles. For example, Plaintiff has email correspondence with numerous Meta employees in HR and Corporate Security, all of whom are custodians. Without Meta's production, Plaintiff has no way to know which of these employees were substantially involved in the events at issue, including in responding to his complaints about G.F.'s alleged harassment and stalking, as opposed to employees who were merely copied on emails but are really peripheral witnesses. Plaintiff has no intention of taking duplicative depositions and will have a far better understanding of whom they need to depose once they have received the necessary ESI production and reviewed it.



particularly so when the availability of counsel and witnesses over the June and July months may limit the parties' ability to schedule these depositions, and many of these custodians are outside of the 100-mile radius to compel trial testimony. These depositions could therefore be Plaintiff's only opportunity to obtain testimony from many of the witnesses in the case. Plaintiff noticed his first seven depositions on April 28, 2026, but the dates presented conflicts for Defendant's counsel and/or witnesses. Defendant is working to obtain alternative dates and the parties will meet and confer as soon as possible. Defendant has also informed Plaintiff that some of the 18 custodians and potential witnesses no longer work at Meta and may need to be served via Rule 45 subpoenas. This process will also add additional time and scheduling challenges if these witnesses obtain separate counsel.

Plaintiff also requests an extension because the parties have a handful of outstanding disputes that Plaintiff believes will be resolved, but also require Defendant to make an additional production of documents and information. Plaintiff sent a detailed 18-page deficiency letter on November 10, 2025. The parties have met and conferred at least five times via Zoom, and have communicated via e-mail, regarding the disputes raised in the letter. The parties have successfully resolved the vast majority of their disputes and Defendant anticipates making an additional production in the coming weeks. But the parties have a handful of remaining issues where Defendant is working on counter-proposals to Plaintiff's requests. The most significant of these disputes relates to information that Plaintiff has requested regarding other instances in which Meta employees were subjected to alleged harassment or stalking and how those employees' complaints or threats to their safety were handled by Meta, including whether the victims of alleged harassment and/or stalking received security. Plaintiff believes that this information is relevant to Plaintiff's claim that Meta did not meet the standard of care in addressing a serious threat to an employee and his claim that Meta did not take the alleged harassment and alleged stalking as seriously because he is a gay man. Meta has raised privacy and security concerns regarding other Meta employees in producing this information. Although the parties are working in good faith to find a solution to this dispute, Plaintiff will need this information in order to effectively depose various security-related employees (who potentially could be outside of the trial radius) regarding how Plaintiff's complaints were handled as compared to similar complaints by other employees.

As to other discovery matters, Defendant has requested dates for Plaintiff's deposition, and Plaintiff provided Defendant with three dates in early June. Defendant has conflicts on those dates, and Plaintiff informed Defendant that June, particularly the second half of June, is the busiest time of year for Plaintiff professionally and his availability is limited in June. Plaintiff then offered eight dates in early July. Defendant has also recently served subpoenas on (1) the New York City Police Department related to Plaintiff's communications and reports with the police concerning G.F, as Defendant's September 19, 2025 FOIL request to the New York Police Department remains outstanding despite months of follow-up communications and requests for an expeditious response, and (2) one of Plaintiff's former mental health providers, who refused to comply with Defendant's request for documents notwithstanding Plaintiff having provided a HIPAA release.

A revised case management plan reflecting all adjusted dates is attached. This is the parties' third request for an extension of time to complete discovery. The parties' previous requests were granted on October 7, 2025 and February 26, 2026. The parties are cognizant that they have



already received two extensions and are confident that the pace of discovery will increase once ESI discovery is significantly complete and the parties will be focused on depositions.

Respectfully submitted,

/s/ Peter Romer-Friedman                    /s/ David Berman

3