**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES NAPOLI,<br>Plaintiff,<br>-against-<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 1:25-CV-02872-JLR<br><br>~~[PROPOSED]~~<br>**AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

**WHEREAS**, Plaintiff James Napoli ("Plaintiff") and Defendant Meta Platforms, Inc. ("Defendant") (together, "Parties") are Parties to the above-captioned action pending in the United States District Court for the Southern District of New York (the "Action");

**WHEREAS**, some of the information and documents sought and/or disclosed in the Action reflect or relate to information of a private, confidential, or proprietary nature ("Confidential Material");

**WHEREAS**, on October 31, 2025, the Court SO ORDERED the Parties' Proposed Confidentiality Stipulation and Protective Order (ECF No. 37);

**WHEREAS**, the Parties and their counsel have determined that amendments to the Confidentiality Stipulation and Protective Order are required to further facilitate the disclosure of certain information, documents, and things to each other and to reasonably limit disclosure of Confidential Material that may be exchanged and produced now and in the future during the Action;

**WHEREAS**, the Parties and their counsel have reached an agreement as to the terms of this Amended Confidentiality Stipulation and Protective Order ("Order");

**WHEREAS**, the Parties and their counsel agree that this Order shall supersede the Confidentiality Stipulation and Protective Order SO ORDERED on October 31, 2025; and

**WHEREAS,** the Parties and their counsel do not intend to confer blanket protection on all disclosures or responses to discovery. The protection the Order affords from public disclosure and use extends only to the information or items that are covered under the Order as confidential, and it does not presumptively entitle parties to file confidential information under seal unless instructed or permitted by the Court. The Order is explicitly intended to also protect materials produced by third parties pursuant to subpoenas issued in this matter.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned counsel for the Parties that:

**1. Definitions.**

1.1. Confidential. "Confidential" means certain information exchanged in discovery that includes (a) personal information protected by state or federal privacy laws; (b) information that is not in the public domain and contains employee information, financial information, and any other information that may reasonably characterized as intellectual property, a trade secret or confidential or proprietary information of a Party or Third Party, policies, business practices and procedures, business know-how, employee or customer information, information and documents regarding the structure or operations of the Respondent's operations, including without limitation, details about internal processes, policies and procedures; (c) health records, including records maintained by mental-health professionals (e.g., psychiatrists, psychologists, licensed clinical social workers, and school-based mental health practitioners); (d) agreed upon materials; (e) materials or information of a sensitive or intimate

nature, such as compensation information, internal complaints regarding allegations of discrimination, harassment, or retaliation, and private identity information including, but not limited to, addresses, phone numbers, social security and credit card information;

1.1.1. Trade Secret. "Trade secret" shall mean any business plans, devices, customer information, product designs in the Producing Party's business and for which confidentiality has been reasonably maintained.

1.1.2. Proprietary Information. "Proprietary information" shall mean any information which is already confidential and in which a Party has a protectable interest including information about a Party's finances, process, and design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

1.2. <u>Exempted Categories.</u> Notwithstanding any other provision of this Protective Order, the Order shall not apply to information that is publicly available, including information or material that, prior to disclosure, was public information or knowledge.

**2. <u>Designation.</u>** Documents produced in the Action that contain any Confidential Material shall be plainly stamped, marked or otherwise designated "CONFIDENTIAL" on the face of the document. The documents so designated will also render "CONFIDENTIAL" any copies, excerpts, summaries, or other disclosure of the substance or contents of such Confidential Material. The label shall not obliterate or obscure the contents. Only the portion of documents containing the Confidential Material shall be deemed Confidential.

**3.** **Post-Production Designation.** The Parties may designate documents as Confidential Material after production by advising, in writing, counsel for the other party of such designation. Each party or person who receives such written notice shall endeavor to retrieve any Confidential Material that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

**4.** **Designating Transcripts.** In the case of transcripts of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or at the conclusion of each session of the deposition, or in a writing provided by the designating party to the other Parties within twenty-one (21) days of the designating party's receipt of a copy of the transcript. Counsel for the Parties may modify this procedure for any particular deposition by agreement on the record at such deposition, or in writing after the conclusion of the deposition, without a further order from the Court.

**5.** **Contesting Confidential Designations.** Any party may object to the designation of any documents as Confidential Material and the Parties shall first meet and confer in good faith to attempt to resolve the objection within 14 days of the receiving party providing notice to the other party. If the Parties are unable to resolve the objection, the dispute may be submitted to the Court by the receiving party. Notwithstanding such objection, the document(s) marked "Confidential" and the contents thereof shall be treated as Confidential Material pursuant to the terms of this Order until a contrary determination is made by written agreement of the Parties or by order of the Court. In conferring, the receiving party must explain the basis for its belief that the confidentiality designation was not proper and must give the party who produced the document

an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The receiving party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the party who produced the document is unwilling to participate in the meet and confer process in a timely manner.

**6.** **Redactions.** Any producing party may redact from the documents and information it produces any matter or information that, among other things, the producing party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The producing party shall preserve an unredacted version of each such document. Further, the producing party must produce a privilege log in Microsoft Excel format specifying the basis of the applicable privilege or immunity along with any documents that were produced with redactions pursuant to this Paragraph. The Parties agree that they will each provide a final privilege log no later than 45 days after the final production in fact discovery is completed.

**7.** **Use of Confidential Material.** Confidential Material and the contents thereof may be copied by the receiving parties, and may be used by the Parties and the Parties' counsel solely for purposes of prosecuting or defending the Action. Confidential Material shall not be disclosed or made known by the Parties and/or their counsel to any other person, except as follows:

a. the Parties, including such officers, directors, partners, or employees of the Parties, that counsel determines, in good faith, are necessary to provide assistance in the conduct of this Action and for no other purpose;

b. to any in-house or outside attorneys of the Parties, including necessary paralegal and other clerical personnel employed or retained by counsel, for carrying out their respective duties in connection with the Action;

c. persons designated as fact witnesses, during the course of or in preparation for testimony in this action as necessary for the prosecution or defense of this litigation, provided that any such person to whom Confidential Material is disclosed in preparation for testimony agrees to be bound by the provisions of this Order by signing an undertaking in the form attached hereto as Exhibit A;

d. experts, consultants, or other persons retained, or consulted with, by counsel for any party, provided that (i) such disclosure is necessary in order to furnish such assistance, (ii) the counsel receiving such assistance provides a copy of this Order to the individual(s) providing such assistance, and (iii) the individual agrees in writing (in the form of Exhibit A attached hereto) to be bound by the terms of this Order;

e. to the Court and employees of the Court;

f. any other person as to whom the producing Party agrees in writing;

g. court reporters employed in connection with the Action; and

h. outside or third-party photocopying, data processing, graphic production, or computerized litigation support contractors retained by the respective Parties or their counsel to assist in the Action, and employees of such outside or third-party contractors performing one or more of those functions.

Any person, party, or entity receiving any Confidential Material or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other

person, party, or entity not specified in this Paragraph. Confidential Material and the contents thereof shall not be used by the receiving party for any business, commercial, competitive or personal reason.

**8.** **Highly Sensitive Information.** Certain documents to be produced by the parties may contain highly sensitive information. Such documents shall be labeled, in addition to being designated as described above in Paragraph 2, "FOR ATTORNEYS' EYES ONLY" and such information will be disclosed only to counsel, and any necessary litigation support technologists used by counsel (such as e-discovery vendors or paralegals) for the requesting party and not to the Parties or any other person. To the extent Highly Sensitive Information designated as "FOR ATTORNEYS' EYES ONLY" is used in the depositions of experts and/or the producing party or representatives of the producing party, such documents may be disclosed to these individuals.

To the extent Highly Sensitive Information designated as "FOR ATTORNEYS' EYES ONLY" is subject to deposition testimony of a representative of a producing party, only counsel for the requesting party and not the Party or any other person, except the court reporter, shall be present for such testimony and shall not receive or review the testimony provided. The Parties shall follow the procedure described above in Paragraph 4.

Documents labeled "FOR ATTORNEYS' EYES ONLY" are subject to all of the provisions of this Protective Order governing the use, disclosure, and destruction of Confidential Information, as well as the additional restrictions contained herein.

Parties are cautioned to use this label judiciously. The process of contesting the "FOR ATTORNEYS' EYES ONLY" designation is the same as for Confidential Information.

**9.** **Safeguarding of Confidential Material.** Confidential Material shall be maintained in secure, segregated places, and access to those places shall be permitted only to those

persons authorized pursuant to this Order. The undersigned agree to use all reasonable care in safeguarding and protecting Confidential Material. Nothing contained in this Order, however, shall prevent any party from disclosing or using its own Confidential Material or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Material, whether or not such other document(s) is related to the voluntarily disclosed document or information.

**10.** **Data Security of Protected Material.** Neither party shall load, import, submit, or otherwise transfer Confidential Material produced by the other party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may either party receiving Confidential Material utilize any closed LLM or AI platforms where Confidential Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Confidential Material under this Order. Before the party receiving Confidential Material transfers any of the other party's Confidential Material to a closed LLM or AI platform, the party receiving Confidential Material shall make reasonably sure that it can delete all such Confidential Material from the platform at the final disposition of this action, as provided for in Paragraph 10. The party receiving Confidential Material will be responsible for destroying such produced information from such tools at the end of the Action.

**11.** **Return of Confidential Material.** Upon the final termination of this Action by decision and/or order of the Court, by judgment, including appeal, or by compromise and settlement, each and every copy of all documents produced as Confidential Material shall, within a period of 30 days, be returned to the producing party or shall be destroyed, including electronic copies. If the party in possession of the documents elects to destroy, rather than return the documents upon final termination of the Action, it shall provide confirmation of destruction in

writing to the producing party. This Paragraph applies equally to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Material. Counsel for the receiving party agrees to provide, within 10 days of returning or destroying Confidential Material, a letter to counsel for the producing party confirming compliance with this Paragraph and, if applicable, articulating the method of destruction.

**12. Retention of Work Product.** Notwithstanding the foregoing Paragraph, counsel for the Parties may retain (i) their work product and all briefs, pleadings, or other filings with the Court which incorporate Confidential Material or disclose materials contained therein, and (ii) all Confidential Material, including but without limitation abstracts or summaries of Confidential Material if required by applicable Bar rules and malpractice insurance policies, but these materials shall remain subject to the terms and conditions of this Order.

**13. No Waiver of Confidentiality, Attorney-Client Privilege or Work Product Doctrine.** The production of privileged or work-product protected documents, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege or protection from discovery in this Action or in any federal or state proceeding. Nothing contained herein is intended to or shall serve to limit a producing party's right to conduct a review of documents or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**14. Return of Inadvertently or Accidentally Disclosed Privileged Documents.** Privileged or work product documents shall be returned by the receiving party to the producing party, either: (i) upon notice from the producing party to the receiving party of such disclosure; or (ii) upon the receiving party's discovery of material that appears in any respect to contain or

constitute privileged or work product protected documents. Upon notice or discovery (as set out in (i) and (ii) above) the receiving party shall immediately stop reviewing any such documents or information and shall sequester such documents and information, and, shall, within 7 days of notice from the producing party that it inadvertently or accidentally disclosed privileged documents: (i) return, delete, and destroy all copies of the disclosed and protected material; (ii) take reasonable steps to retrieve such material if the receiving party disclosed it before being notified (*e.g.*, receiving counsel must inform his or their client(s) of the inadvertent disclosure and the need to return said material); and (iii) make no further use of such protected material (and the receiving counsel shall instruct their client(s) that they too will not make further use of such protected material), unless the receiving party contests the privilege or work product designation under Paragraph 13 of this Order. The Parties may jointly agree to modify the terms and requirements of this Paragraph given the specific nature of the information/documents at issue.

**15.** **Disputes Regarding Privilege.** The Parties agree to meet and confer in good faith on any issues arising from the claims of privilege before seeking any intervention from the Court. In case of a dispute, the producing party agrees to seek an in camera review of the disclosed material subject to the dispute. Pending resolution of any such dispute by the Court, the receiving party shall not use the disclosed privileged material in any respect, other than in connection with the dispute about the privilege.

**16.** **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**17.** **Right to Assert Other Objections.** By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any

Confidential Material on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**18.** **No Limitation on Discovery Rights.** Nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

**19.** **Bound Pending the Court's So-Order.** Upon full execution, the Parties agree to be bound by this Order pending the Court's review and so-ordering of the Order.

**20.** **Application to the Court to Amend Order.** The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Order upon a showing of good cause.

**21.** **Separate Signature Pages.** This Order may be signed on separate signature pages, and the signed signature pages may be facsimile or PDF transmissions.

**22.** **Notice by Email**. When a term in this order specifies notice in writing, email shall be sufficient.

**23.** **Reasonable Cooperation**. The parties will cooperate reasonably regarding deadlines that may be impacted by this protective order.

**24.** **Amended Order.** The parties agree that this Order shall supersede and replace the Confidentiality Stipulation and Protective Order SO ORDERED on October 31, 2025.

| | |
|---|---|
| **PRF LAW PLLC.**<br>**C.A. GOLDBERG PLLC.**<br>*/s/ David Berman, Esq.* | **SEYFARTH SHAW LLP**<br><br>*/s/ Victoria M. Vitarelli, Esq.* |
| Peter Romer-Friedman, Esq.<br>David Berman, Esq.<br>PRF Law PLLC. | Cameron A. Smith, Esq.<br>Nicholas H. De Baun, Esq.<br>Victoria M. Vitarelli, Esq. |

| | |
|---|---|
| 16 Court Street, Floor 33<br>Brooklyn, New York 11241<br>E: peter@prf-law.com<br>E: berman@prf-law.com<br><br>Carrie A. Goldberg, Esq.<br>C.A. Goldberg PLLC.<br>16 Court Street<br>Brooklyn, New York 11241<br>E: carrie@cagoldberglaw.com<br>Cc: katie@cagoldberglaw.com<br><br>Dated: August 5, 2026<br><br>*Attorneys for Plaintiff* | David S. Ostern, Esq.<br>Seyfarth Shaw LLP<br>620 Eighth Avenue, 32nd Floor<br>New York, NY 10018<br>P: (212) 218-5500<br>E: casmith@seyfarth.com<br>E: ndebaun@seyfarth.com<br>E: dostern@seyfarth.com<br>E: vvitarelli@seyfarth.com<br><br>Dated: August 5, 2026<br><br>*Attorneys for Defendant* |

**SO ORDERED**.

Jennifer Rochon
_______________________________
HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

Dated: _____August 6____________, 2026
New York, New York



326802906v.3

**EXHIBIT A**
**WRITTEN ACKNOWLEDGMENT**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the lawsuit entitled, *James Napoli v. Meta Platforms, Inc.*, Case No. 1:25-cv-02872-JLR (S.D.N.Y.) (the "Action"), have been designated as confidential. I have been informed that any such documents or information labeled "Confidential" (collectively, "Confidential Material") are confidential by Order of the Court.

I hereby agree that I will not disclose any Confidential Material to any other person. I further agree not to use any such information for any purpose other than this litigation. I also agree, to the extent I am provided copies of any documents produced in this Action, to return all such copies to counsel for Plaintiff or counsel for Defendant at the conclusion of the Action.

I further agree that I shall not load, import, submit, or otherwise transfer Confidential Material to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, and I may not utilize any closed LLM or AI platforms where Confidential Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Confidential Material. I understand that before transferring any Confidential Material to a closed LLM or AI platform, I shall make reasonably sure that all such Confidential Material can be deleted from the platform at the final disposition of this action. I further understand that I shall destroy such produced information from such tools at the end of the Action.

Printed name: ____________________________________________

Address: ________________________________________________

Phone number: ___________________________________________

Signature: _______________________________________________

Date: ___________________________________________________



326802906v.3