RFB LAW

The parties' request is GRANTED. All discovery deadlines are hereby STAYED from November 5, 2026 until **January 13, 2027.** The parties shall jointly report to the Court the results of the mediation by **January 13, 2027**

Dated: November 2, 2026
New York, New York

**SO ORDERED.**

Jennifer Rochon

**JENNIFER L. ROCHON**
**United States District Judge**

October 30, 2026

The Honorable Jennifer L. Rochon
United States District Judge
500 Pearl Street
New York, NY 10007

Re: *Napoli v. Meta Platforms, Inc.*, 1:25-cv-02872-JLR

Dear Judge Rochon:

We represent Plaintiff James Napoli in the above referenced matter. The parties write jointly to request a stay of all deadlines in this action from November 5, 2026 until January 13, 2027, so that the parties can exclusively focus their efforts on settling this action with the aid of a private mediator.

The parties have completed the vast majority of document discovery with each side having produced thousands of pages of documents[1], and by the time of the stay, Defendant will have completed all of its requested depositions.[2] Plaintiff will have taken five depositions and, while the parties have agreed to allow Plaintiff to take an additional eight depositions, the parties agree that they have obtained sufficient information to pursue mediation and seek to do so before spending significant resources on depositions and initiating expert discovery over the next two months and without significantly raising the fees and costs of the dispute in a manner that could ultimately be an obstacle to settlement. Upon agreeing to mediate, the parties immediately contacted Dina R. Jansenson, Esq. of JAMS and have reserved her next available mediation date of January 6, 2027.

Granting the requested stay of the action will promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for the Court, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Accordingly, courts in this district often grant stays to allow for mediation. *See, e.g.*, *In re Lemonade, Inc. Data Disclosure Litigation,* No. 1:25-cv-04106 (S.D.N.Y 2025), ECF No. 28; *D'Angelo v. Hunter Bus. Sch., Inc.,* 2023 WL 11845607, at *2 (E.D.N.Y. Jan. 24, 2023) (referencing the court granting a prior 120 day stay to pursue private mediation)

In addition to promoting judicial economy, allowing the parties to focus all their efforts on a potential resolution will ensure that the parties have sufficient time to make informed proposals and to obtain appropriate authority to ensure for a productive mediation.

---

[1] The parties will continue to meet and confer to address the remaining documents to be produced in furtherance of mediation.

[2] The parties have agreed to allow one non-party deposition to move forward while the stay is in effect to accommodate the witness's availability.

RFB LAW

The parties propose that they jointly report to the Court the results of the mediation within 7 days, by January 13, 2027. If the mediation is successful, the parties will propose a date by which they will they finalize a settlement agreement and dismiss this action with prejudice. If the mediation is unsuccessful, the parties will propose a new discovery schedule to complete the remaining eight depositions and expert discovery.

Respectfully submitted,

/s/ Peter Romer-Friedman

/s/ David Berman